12 F.3d 206
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Claude LONG, Defendant-Appellant.
 No. 93-5287.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 17, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg.
 Benjamin T. Stepp, Assistant Federal Public Defender, for Appellant.
 J. Preston Strom, Jr., United States Attorney, William G. Yarborough, Assistant United States Attorney, Lynne M. Ray, Third-Year Law Student, for Appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Claude Long was convicted of possession of methamphetamine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp. 1993), and was sentenced to a term of 120 months.[1] He appeals both his conviction and his sentence. We affirm.
 
 
 2
 Long was arrested after he picked up a package which contained methamphetamine at the Greenville, South Carolina, airport. The package had been damaged as it was being loaded in the Los Angeles airport; as a result, the drugs were discovered there. Arrangements were made by Drug Enforcement Administration (DEA) agents for a controlled delivery. All but a small amount of the methamphetamine was removed from the package, which was then rewrapped and transported to Greenville.
 
 
 3
 Following his arrest, Long told DEA agents and a state highway patrolman that he had been paid $2000 by his employer, Dean Earl Andrews, to mail a package to Los Angeles the week before and to pick up the package returned. When asked whether he knew what was in the package, Long responded that he knew it was drugs. Long was found to be carrying 2.78 grams of methamphetamine and drug paraphernalia. Andrews was also arrested at the airport. Both Long and Andrews were charged with possession with intent to distribute methamphetamine. Andrews entered a guilty plea, and Long went to trial.
 
 
 4
 At Long's trial, after a federal agent and a state highway patrolman testified about Long's inculpatory statement, Andrews testified for the defense that he had told Long to get the package, but did not tell him what was in it, and did not pay him for the service. To bolster Andrews's credibility, defense counsel sought permission before he testified to bring out that his plea agreement required him to testify truthfully, and that the maximum possible sentence he faced was life in prison. Defense counsel wished to impress upon the jury that, by testifying for Long, Andrews risked having the government argue at his own sentencing that he had breached his plea agreement and should receive the maximum life sentence.
 
 
 5
 The district court allowed evidence of Andrews's plea agreement, but excluded any mention of the maximum sentence he faced. The court found that it would be more prejudicial than probative, in that many factors could affect Andrews's ultimate sentence and the jury was unfamiliar with the sentencing process. Long claims on appeal that the court abused its discretion. He relies on Delaware v. Van Arsdall, 475 U.S. 673 (1986), in which the curtailment of cross-examination into a government witness's bias violated the right of confrontation. Long argues that his case is not significantly different.
 
 
 6
 Long's reliance on Van Arsdall is misplaced because he was simply trying to bolster the credibility of his own witness. It was not critical for the jury to know the maximum statutory sentence possible for Andrews in order to judge his credibility. As the district court noted, Andrews's sentence would be determined by the statute, the sentencing guidelines, and ultimately the sentencing court, and even if the government recommended the maximum sentence, the court would not necessarily impose it. Without an understanding of the sentencing process, the jury could not adequately evaluate the significance, if any, of the statutory maximum.[2] Fed. R. Evid. 403 permits exclusion of otherwise relevant evidence if its probative value is outweighed by its potential for, among other things, confusing the issues or misleading the jury. In the circumstances, we find that the district court did not abuse its discretion.
 
 
 7
 Long next contends that the district court erred in determining his offense level by considering the amount of methamphetamine which was removed by the agents prior to his acceptance of the package. His argument fails because a defendant is accountable for all controlled substances with which he is directly involved in the offense of conviction, United States Sentencing Commission, Guidelines Manual, Sec. 1B1.3, comment. (n.2) (Nov. 1992), as well as all harm that was the object of his acts. U.S.S.G. Sec. 1B1.3(a)(3). Long was convicted of possession of methamphetamine with intent to distribute. As the district court found, he intended to possess the whole amount of drugs shipped from Los Angeles. The harm which was the object of the offense was not lessened by the federal agent's removal, as a precaution, of most of the methamphetamine. See United States v. White, 888 F.2d 490, 499 (7th Cir. 1990).
 
 
 8
 The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Long's sentence was later reduced to sixty months on the government's motion for a reduction due to substantial assistance under Fed. R. Crim. P. 35(b)
 
 
 [2]
 Long also was exposed to a ten-years-to-life sentence. During Long's sentencing hearing, the district court mentioned that, at his own sentencing, Andrews admitted that Long knew the package contained drugs